# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Joseph Jay Brown,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 19-110 ADM/ECW

_____

Michelle E. Jones, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Douglas L. Micko, Assistant Federal Defender, Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Joseph Jay Brown's ("Brown") Objections [Docket No. 47] to Magistrate Judge Elizabeth Cowan Wright's September 20, 2019 Report and Recommendation ("R&R") [Docket No. 46]. In the R&R, Judge Cowan Wright recommends denying Brown's Motion to Suppress Statements, Admissions and Answers [Docket No. 22] and Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 23]. Based on a de novo review of the record, and for the reasons stated below, Brown's objections are overruled. The R&R is adopted. Brown's motions are denied.

## II. BACKGROUND

The factual background of this case is set forth in the R&R and is incorporated by reference. Briefly, on June 11, 2015, Special Agent Marissa Pitzen ("SA Pitzen") of the Internal Revenue Service - Criminal Investigation ("IRS") executed a search signed the previous day by

United States Magistrate Judge Steven E. Rau.  See Pre-Trial Hearing [Docket No. 29], Gov't Ex. 1 (Appl. Search Warrant).  The search warrant is supported by an affidavit, in which SA Pitzen states her 12 years of experience investigating the preparation of false tax returns.  The affidavit then explains her investigation into Number 1 Tax LLC ("Number 1 Tax"), a business principally owned by Brown and Calvin Karn.  Id. at 4-23.  SA Pitzen describes receiving an alert from the IRS's Scheme Development Center ("SDC") about the types of tax returns being filed through Number 1 Tax by Brown and Karn.  Based on the alert, SA Pitzen analyzed tax returns filed by Number 1 Tax.  SA Pitzen found evidence that Number 1 Tax knowingly falsified income tax returns, which were then filed on behalf of clients to create and inflate tax refunds.

After SA Pitzen analyzed the personal tax returns of Brown, Karn, and a third filer, Kyesha Williams, SA Pitzen then set up an undercover operation to place an undercover IRS agent as a client at Number 1 Tax.  According to the affidavit, Brown was the tax form preparer for the undercover client.  Brown recommended reporting extra income, which the client had not claimed.  SA Pitzen reported that in her experience, this evidence revealed and corroborated what the IRS SDC had flagged, a scheme to file falsified income tax returns.  She attested that in her experience businesses such as Number 1 Tax keep files for their clients and records of their preparation at the business location, often in hard copy and on the business' computers.

Brown objects to the R&R's determination that the search warrant was supported by probable cause.  Def.'s Obj., at 3-5; R&R, at 23-25.  In addition, Brown argues the search warrant lacked particularity and was otherwise overbroad.  Def.'s Obj., at 5-8; R&R, at 25-29.  Finally, Brown argues the good-faith exception to the exclusionary rule ("Leon good-faith

2

exception") announced in United States v. Leon, 469 U.S. 897 (1984)) does not apply. Def.'s Obj., at 8-9; R&R, at 29-31.

## III. DISCUSSION

### A. Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).[1] A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### B. Probable Cause

Brown argues the search warrant lacks probable cause because the search warrant application and supporting affidavit only "raise a mere suspicion" of wrongdoing. Def.'s Obj. at 4. Brown argues the application fails to establish a nexus between the evidence of a crime and the place to be searched. Id.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. The Eighth Circuit has held that "[a]n affidavit for a search warrant need only show facts sufficient to support a finding of probable cause." United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). Probable cause exists when "a practical, common-sense" evaluation of "all the

---

[1] Brown did not object to Judge Cowan Wright's denial of his motion seeking suppression of statements, admissions and answers. R&R, at 17-19. Therefore, the Court will not address this uncontested ruling.

3

circumstances set forth in the affidavit" demonstrates "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act.'" United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010) (quoting Gates, 462 U.S. at 231). "A magistrate's determination of probable cause should be paid great deference by reviewing courts." Gates, 462 U.S. at 236 (quotation marks omitted). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." Id. at 238–39 (quotation marks omitted, alteration in original).

Brown's arguments challenging SA Pitzen's affidavit were considered and properly rejected by Judge Cowan Wright. R&R at 23-31. The information included in the affidavit amply supports probable cause for the search warrant for Number 1 Tax. As described in the R&R and above, the affidavit cites an alert from IRS SDC directed to income tax returns filed through Number 1 Tax. It further cites an analysis of the data by an experienced IRS agent, SA Pitzen. SA Pitzen also reviewed the individual tax returns of Number 1 Tax's filers, Brown, Karn, and Williams. Finally, the IRS conducted an undercover operation at Number 1 Tax. All sources of information are in mutual and cumulative support of probable cause that evidence of a crime would be discovered at Number 1 Tax's business location. In sum, these facts provided the necessary nexus and more than a "fair probability" that evidence of a scheme to falsify tax returns would be found at the business location of Number 1 Tax.

**C. Particularity and Overbreadth**

Brown concedes that the R&R correctly stated the legal requirements of search warrant particularity and the legal dangers of an overbroad search warrant. Brown contests the R&R's application of the law when applied to the search warrant in this case.

The warrant was neither overly broad nor lacking in particularity. As the R&R rightly determined, the warrant in this case is more closely analogous to United States v. Fiorito, 640 F.3d 338 (8th Cir. 2011) and United States v. Kail, 804 F.2d 441 (8th Cir. 1986), than it is to the deficient warrant in United States v. Winn, 79 F. Supp. 3d 904 (S.D. Ill. 2015).

Brown now relies upon Rickert v. Sweeney, 813 F.2d 907 (8th Cir. 1987), an IRS investigation where the search warrant authorized seizure of an overly broad group of records encompassing a company's entire business when the evidence cited in the warrant only supported criminal conduct with respect to one particular development project. Brown argues that similar to the Rickert fact pattern, the search warrant here only identified possible wrong-doing in four individual tax returns, and therefore, the search warrant should have been limited to those four tax returns. But, unlike in Rickert, the investigation in this case began with broader data collected by the IRS SDC and analyzed by SA Pitzen, which suggested many tax returns filed through Number 1 Tax were falsified. SA Pitzen's further investigation into four particular instances corroborated data that pointed to a broader scheme. The warrant was correspondingly broad, without being overly broad, to collect the relevant business files of Number 1 Tax.

**D. Leon Good-Faith Exception**

Even if the search warrant lacked sufficient probable cause as Brown argues, the warrant is saved by the Leon good-faith exception. See Leon, 468 U.S. 897 (1984). Under the Leon

exception, "disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007). The reviewing court should consider the totality of the circumstances, "including any information known to the officer but not included in the affidavit . . . ." United States v. Jackson, 784 F.3d 1227, 1231 (8th Cir. 2015).

> Four instances exist in which the good-faith exception will not apply:
>
> (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge;
>
> (2) when the judge 'wholly abandoned his judicial role' in issuing the warrant;
>
> (3) when the affidavit in support of the warrant was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; and,
>
> (4) when the warrant is 'so facially deficient' that the executing officer could not reasonably presume the warrant to be valid.

United States v. Houston, 665 F.3d 991, 994 (8th Cir. 2012).

As the R&R explains, nothing in the record indicates that any of these four circumstances apply in this case. In addition, Brown has not argued that SA Pitzen misrepresented the data she presented in the affidavit, nor has Brown argued that SA Pitzen's conclusions were misleading. Brown has only argued that SA Pitzen's conclusions were not explicitly connected to wrong-doing and were not bench marked to a norm. But, Brown has not provided the Court with any reason to find SA Pitzen lacked good-faith in the presentation of probable cause to the authorizing magistrate judge. Based on SA Pitzen's experience, the data provided by the IRS SDC, SA Pitzen's analysis of tax return data from Number 1 Tax, and her knowledge of the

6

results of the undercover investigation, which she found corroborating, SA Pitzen's reliance on the warrant was objectively reasonable.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Brown's Objections to Report and Recommendation [Docket No. 47] are **OVERRULED**;

2. The Report and Recommendation [Docket No. 46] is **ADOPTED**;

3. Brown's Motion to Suppress Statements, Admissions and Answers [Docket No. 22] is **DENIED**;

4. Brown's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 23] is **DENIED.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 5, 2019.